UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| MISAEL URBINA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, et al.,<br><br>　　　　　　　Defendants. | Case No. 16-cv-03948-LB<br><br>**DISCOVERY ORDER**<br>Re: ECF No. 36 |

The parties' latest case-management statement at ECF No. 36 contains several discovery disputes. The court discussed and largely resolved them at the case-management conference held on June 15, 2017. This order memorializes the court's decisions.

The plaintiff worked as an installation technician for the defendant Comcast. He was injured and allegedly disabled on May 1, 2014; he reported this injury to Comcast a few days later. He took leave, first under the Family Medical Leave Act and then, by October 2014, straight medical leave.[1] He apparently knew by December 2014 that he could not resume his job. In any event, by January 22, 2015, the plaintiff's treating physician told him that his medical restriction (apparently

---

[1] Complaint – ECF No. 1-1, ¶ 11.

ORDER – No. 16-cv-03948-LB

a lifting restriction) was permanent.[2] By February 2015, Comcast told him that he had a further 60 days of leave, and if he did not find a position at Comcast in that period — with or without accommodation — Comcast would administratively terminate him.[3] Ultimately Comcast fired him on April 22, 2015. The plaintiff accuses Comcast of discriminating against him because of his disability, mainly by not reassigning him to another position.

In the case-management statement, the plaintiff identifies the following areas for discovery

- **Rule 30(b)(6).** The plaintiff wants to depose a 30(b)(6) witness on: (1) job-application procedures; (2) jobs that became available and were filled; and (3) Comcast's anti-discrimination "policies and procedures." For all these topics, the plaintiff wants to ask about, not only this defendant, but " any . . . related entities" in Northern California and for the dates from July 8, 2014 to the present."

- **Percipient witnesses.** The plaintiff "may" want to depose two percipient witnesses before the June 30, 2017 fact-discovery cutoff.

- **Third-party information.** Information identifying non-litigant, "disabled" Comcast employees and how Comcast accommodated them or failed to.

1. **Rule 30(b)(6) Deposition**

For the reasons discussed at the hearing, the appropriate time period is January 1, 2015 (approximately when the plaintiff knew that he could not return to his job without restriction) through April 2015 (his termination date). Again for the reasons discussed at the hearing, the court also limits the entities to Comcast Cable.

Topic 1 is overbroad to the extent that it includes all open jobs. The litigation is defined by jobs that the plaintiff could take. The defendant's spreadsheet (*see* ECF No. 36-2 at 3) seems to define the appropriate landscape of jobs, and its Transfer Policy for Disabled Employees seems to be the relevant policy. The same approach narrows Topics 2 and 3.

Comcast also objects to the Rule 30(b)(6) deposition on the ground that a fact witness already

---

[2] *Id*.

[3] *Id*.

covered this territory. The court will allow the Rule 30(b)(6) witness.

## 2. Depositions of Ann Righetti and Dena Galvan

The court extended discovery until June 30 to permit the Rule 30(b)(6) deposition. The parties agreed to the deposition of Steve LeBlanc, which is fine, but the plaintiff has not said unequivocally that he wants to depose Ann Righetti and Dena Galvan. In any event, but for the Rule 30(b)(6) and LeBlanc depositions, fact discovery is closed.

## 3. Third-party information

The plaintiff complains that, in "numerous documents," Comcast has "redacted information regarding the identity of [third-party, non-litigant Comcast] employees and any actions taken by Comcast in the interactive process." In the recent case-management statement, Comcast replies that it has "redacted private medical information pertaining to third parties."[4] In its related discovery objections, Comcast more broadly challenged the plaintiff's right to obtain the "private and confidential medical and personnel information" of third parties, citing their right to privacy under California law.[5]

This case is not about third parties. The plaintiff has not shown why he should get information about "other disabled"[6] Comcast employees — to say nothing of their medical information. (The parties do not say for what purpose Comcast produced this material.) If it is important for the plaintiff to learn about other employees' medical conditions, then surely the names and other identifying information of these other employees can be redacted, at least initially, unless the plaintiff gives a compelling reason why he needs to know exactly who suffers from what condition and so on. And, presumably, this process would require notifying the person in question. On this record, if Comcast has produced third-party information (for whatever reason), the court cannot discern a clear reason showing that the redactions are improper.

---

[4] ECF No. 36 at 4.

[5] ECF No. 36-2 at 8.

[6] *See* ECF No. 36 at 2.

ORDER – No. 16-cv-03948-LB 3

## CONCLUSION

This is the best that the court can do on this record. If the parties have further disputes, they may raise them in a joint letter brief under the court's discovery procedures in the standing order.

**IT IS SO ORDERED.**

Dated: June 15, 2017

LAUREL BEELER
United States Magistrate Judge